UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
RAYMOND GASTON,                     :
                                    :     **ORDER**
            Petitioner,             :
                                    :     06 Civ. 4365 (SAS) (JCF)
      -against-                     :
                                    :
JAMES CONWAY, Acting Superintendent,:
Attica Correctional Facility,       :
                                    :
            Respondent.             :
------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

    I have reviewed the Report and Recommendation (the "Report") of United States Magistrate Judge James C. Francis, IV, dated February 26, 2008, which recommends that the habeas petition brought by petitioner Raymond Gaston under 28 U.S.C. § 2254 be denied in its entirety. In the Report's Conclusion section, Judge Francis states that "the parties shall have ten (10) days from this date *to file written objections* to this Report and Recommendation. Such objections *shall be filed* with the Clerk of the Court . . . . Failure to *file timely* objections will preclude appellate review."[1]

    A review of the Court's Electronic Case Filing ("ECF") system indicates that petitioner did not file any objections with the Clerk of the Court, as

---

[1] Report at 28 (emphasis added).

directed. However, when Chambers contacted the Assistant District Attorney ("ADA") on or about April 9, 2008, to inquire whether she received any objections, ADA Jessica L. Slutsky sent this Court the enclosed facsimile transmission, which includes: a fax document cover sheet from the Appeals Bureau; a letter dated March 6, 2008, addressed to "Court Clerk;" a "PROOF OF SERVICE" page; and a three-page document entitled "OBJECTION TO REPORT AND RECOMMENDATION" (hereinafter "Objections"), also dated March 6, 2008.

In the March 6, 2008 letter addressed to "Court Clerk," Gaston writes: "Please be advised that I am enclosing an objection and response to the Court's recommendation and report order, dated February 27, 2008 [sic]. Petitioner has been instructed to file extra copies with the Court Clerk . . . . I humbly petition you to see that the extra copies be delivered to the proper people, because as stated, the order was to file extra copies." Thus, it appears that Gaston mistakenly sent the ADA the cover letter he intended for the Clerk of the Court. Because this mistake can be considered excusable neglect, I will consider petitioner's Objections as if they had been timely filed with the Clerk of the Court.

Petitioner objects to the Magistrate Judge's findings with regard to the four grounds raised in his habeas petition: (1) the evidence presented at trial was insufficient as a matter of law to support his conviction; (2) he was deprived of his

2

right to a fair trial when the trial court gave an acting-in-concert jury charge: (3) the prosecution withheld exculpatory evidence in violation of *Brady v. Maryland*; and (4) he was denied effective assistance of counsel at trial and on appeal.[2] Given the scope of petitioner's Objections, I have reviewed his entire habeas petition *de novo*.

Petitioner's objection with regard to his weight of the evidence claim is without merit. Contrary to petitioner's argument, Judge Francis correctly noted that petitioner's weight of the evidence claim was a challenge based solely on state law. Nonetheless, Judge Francis analyzed this claim, as well as petitioner's sufficiency of the evidence claim, using both federal and state law. Judge Francis did not, as petitioner contends, ignore federal law in analyzing these claims. Also without merit is petitioner's objection with regard to the acting-in-concert jury charge. Petitioner states, without citing any precedent, that prejudice "is not required when petitioner was denied a substantial right to due process, and the right to a fair trial."[3] Whether this is a correct statement of law is irrelevant because the prejudice requirement discussed by Judge Francis is relevant only "to the extent that the prosecution's two-shooter theory was not [] supported by the evidence at

---

[2] *See* Objections at 1.

[3] *Id.* at 2.

3

trial."[4] Judge Francis, however, correctly noted that "the Appellate Division could have reasonably concluded that there was an evidentiary basis for this [two-shooter] argument."[5] In light of this ruling, the Magistrate Judge's conclusion regarding the acting-in-concert charge does not rely upon a showing of prejudice. Petitioner's objection is therefore dismissed. Petitioner's remaining objections, regarding the alleged *Brady* violation and ineffective assistance of trial and appellate counsel, merely repeat the arguments presented in his petition and considered by the Magistrate Judge. Because I agree with the Magistrate Judge's disposition of these claims, these objections are dismissed.

Based on my independent review of Gaston's petition, the Report, and petitioner's Objections, I hereby adopt the thorough and thoughtful Report in full. In accordance with the Report, the instant habeas petition is dismissed with prejudice. Because petitioner has failed to make a "substantial showing of the denial of a constitutional right,"[6] I decline to issue a certificate of appealability. The Clerk of the Court is directed to close this case.

---

[4] Report at 19.

[5] *Id.*

[6] 28 U.S.C. § 2253(c)(2).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:	New York, New York
	April 23, 2008

## - Appearances -

**Petitioner (Pro Se):**

Raymond Gaston
92-A-7198
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011

**For Respondent:**

Jessica L. Slutsky
Assistant District Attorney
One Hogan Place
New York, NY 10013
(212) 335-9353



**ROBERT M. MORGENTHAU**
**DISTRICT ATTORNEY**

DISTRICT ATTORNEY
OF THE
COUNTY OF NEW YORK
ONE HOGAN PLACE
NEW YORK, NY 10013
(212) 335-9000



# APPEALS BUREAU

## FAX DOCUMENT COVERSHEET

### FAX # 212-335-9288

Date: Apr 9, 2008

To: Jim

Fax: 212-805-7920

From: ADA Jessica Slutsky

Tel #: (212) 335-9353

# of Pages: 6 (includes cover sheet)

☐ **URGENT**                    ☐ **ROUTINE**

☐ Deliver Immediately            ☐ Discuss with Appropriate Person(s)
☐ As Requested                   ☐ For Your Approval
☐ Review and Comment             ☐ Take Necessary Action
☐ For Your information           ☐ Reply Via FAX
☐ File                           ☐ Reply Via Messenger
☐ Reply Directly                 ☐ Progress Report
☐ Investigate                    ☐ Let's Discuss
☐ Prepare Reply for Signature
☐ Other Action To Be Taken/Additional Comments.

MR. RAYMOND GASTON 92-7198
ATTICA CORR. FAC.
P.O. BOX 149
ATTICA, NEW YORK 14011-0149

MARCH 6, 2008

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
U.S. COURTHOUSE
500 PEARL STREET
NEW YORK, N.Y. 10007-1581

RE: Doc. No 06-CV-4365

Dear Court Clerk:

Please be advised, that I am enclosing an objection and response to the Court's recommendation and report order, dated February 27, 2008. Petitioner has been instructed to file extra copies with the Court Clerk, to be delivered to the chambers of the Hon. Shira A. Scheindlin, Room 1620, and to the chambers of the undersigned, Hon. James C. Francis IV, Room 1960, 500 Pearl Street, New York, New York 10007.

I humbly petition you to see that the extra copies be delivered to the proper people, because as stated, the order was to file extra copies.

As I thank you for your time, and indulgence, as I await your immediate response with the above.

RESPECTFULLY SUBMITTED,

*Raymond Gaston*
RAYMOND GASTON 92A7198

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
RAYMOND GASTON,

        Petitioner,

   -against-                                        **PROOF OF SERVICE**

JAMES CONWAY SUPERINTENDENT,                      Docket No. 06-CV-4365
ATTICA CORRECTIONAL FACILITY,

        Respondent.
-------------------------------------------------X

    I, **RAYMOND GASTON**, hereby certify under the penalty of perjury that on March 4, 2008, true and correct copies of the herewith Objection, to the Recommendation and Report Order have been served on opposing counsel Robert M. Morgenthau, District Attorney, located at New County One Hogan Place, New York, New York. By placing saaid document in a properly addressed with postage prepaid and placing said evelope into the care of prison officials at the Attica Correctional Facility.

Executed: March 6, 2008
Attica, New York 14011

                                            RESPECTFULLY SUBMITTED,

                                            *Raymond Gaston*
                                            MR. RAYMOND GASTON 92A7198
                                            PETITIONER PRO-SE
                                            P.O. BOX 149
                                            ATTICA, N.Y. 14011-0149

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAYMOND GASTON,

                Petitioner,            **OBJECTION TO REPORT**
                                            **AND RECOMMENDATION**

    -against-                             Docket No. 06 Civ. 4365

JAMES CONWAY SUPERINTENDENT,
ATTICA CORRECTIONAL FACILITY,

                Respondent,
------------------------------------------------------------X

**TO THE HONORABLE SHIRA A. SCHEINDLIN, U.S.D.J.:**

1. Raymond Gaston, proceeding pro-se, brings this petition for a writ of heabeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in New York State Supreme Court, New York County, for second-degree murder and criminal possession of a weapon. Petitioner challenges his conviction on the grounds that: (1) the evidence presented at trial was insufficient as a matter of law to support his conviction; (2) Petitioner was deprived of his right to a fair trial when trial court gave an acting-in-concert instruction even though the indictment only charged him as a prinicple; (3) the prosecution withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963); and (4) he was denied effective assistance of counsel at trial and on appeal. Petitioner files the following objection with respect to the Report and Recommendation Order of the Hon. Shira A. Scheidlin, dated February 26, 2008. This objection is pursuant to U.S.C. § 636(b)(10 and Rules 72, 6(a), and 6(e) of the Federal Rules of Civil Procedure.

1. Petitioner object's to the erroneous finding made in this report and recommendation order, concerning petitioner's weight of the evidence claim. This Court ruled that petitioner only raised state law issues of whether the weight of the evidence supported petitioner conviction. This finding is in fact legal incorrect. Petitioner not only relied on State law, but Federal law, as well as United State Supreme Court law. Hence, this objection is made pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and 6(e).

2. Petitioner further object's to the erroneous finding made, with respect's to petitioner acting-in-concert charge. This court determined, that petitioner was informed of the charges against him and the substantive conduct giving rise to the essential elements of those charges, allowing him to prepare an adequate defense. He is unable to show that the outcome in his case would have been defferent had the prosecution's two-shooter theory been presented earlier, or had the theory not been presented at all. This determination is legally and factually incorrect. Petitioner aver's that he was denied the right to due process, which resulted in being denied the right to a fair trial. Stirone v. United States, 80 S.Ct. 270. That Court held.

> "Where the crime charged was a felony, fifth Amendment
> requires prosecution to begin by indictment."

A Court cannot permit a defendant to be tried on charges that are not made in the indictment against him; U.S.C.A. Const. Amend. Hence, a showing of prejudice or the result thereof, is not required when petitioner was denied a substantial right to due process, and the right to a fair trial. Petitioner therefore object's to this determination made by this Court pursuant to 28 U.S.C. 636(b)(1), and Rules 72, 6(a) and 6(e).

3. Petitioner object's to this report recommendation order concerning this Court's fiding regarding petitioners Brady claim. The respondents violated petitioner's rights under United States v. Brady, by failing to disclose a statement by Julia Arroyo that she seen the man she identified as the shooter talking with one of the respondents witness, James Chirico. It is for this reason why petitioner objects pursuant to 28 U.S.C. 636(b)(1) and Rules 72, 6(a) and 6(e).

4. Petitioner object's to the ineffective assistance of trial counsel finding made by this Court, pursuant to 28 U.S.C. 636(b)(1) and Rules 72, 6(a) and 6(e).

5. Petitioner object's to this determination rendered by this court concerning ineffective assistance of appellate counsel. This objection is pursuant to 28 U.S.C. 636(b)(1) and Rules 72, 6(a) and 6(e).

6. Hence, petitioner has objected in accordance with 28 U.S.C. 636(b)(1) and Rules 72, 6(a) and 6(e). This objection has been sent to the Clerk of this Court, with extra copies delievered to the chambers of the Honorable Shire A. Scheindlin, Room 1620, and to the chambers of the undersigned, 1960, 500 Pearl Street, New York, New York 10007. This objection has been timely filed in order for petitioner to receive further appellate review.

Respectfully Submitted

*Raymond Gaston*
RAYMOND GASTON 92A7198

Dated: March 6, 2008
Attica, New York 14011